IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HARMON LEE MANUEL, II, #1645658 | § | |
| VS. | § | CIVIL ACTION NO. 6:12cv879 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Harmon Lee Manuel, II, an inmate confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge John D. Love, who issued a Second Report and Recommendation (docket entry #20) concluding that the petition for a writ of habeas corpus should be denied. The Petitioner has filed objections. The Director filed a response to the objections.

The Petitioner is challenging his Smith County conviction for stalking, Cause No. 007-0940-07. The conviction was affirmed. *Manuel v. State*, No. 12-10-00137-CR, 2011 WL 3805900 (Tex. App. - Tyler Aug. 24, 2011, pet. ref'd). He did not file an application for a writ of habeas corpus in state court.

The Petitioner presented two ineffective assistance of counsel claims in his amended complaint. Both claims were presented to the Twelfth Court of Appeals and the Texas Court of Criminal Appeals. However, the record supporting the grounds for relief were not well developed in state court. The Twelfth Court of Appeals appropriately noted that "a silent record cannot defeat the strong presumption of effective assistance of counsel." *Id.* at 5. The Court went on to find that "we decline

1

to hold that the record in the instant case contains all of the information needed for us to conclude that there could be no reasonable trial strategy for Appellant's counsel's not objecting to the State's allegedly improper jury argument or declining to question the venire concerning racial prejudice." *Id.* at 6. The Court agrees that the record, as it stands, does not defeat the strong presumption of effective assistance of counsel.

Magistrate Judge Love observed that the rule in both state and federal court is that ineffective assistance of counsel claims ordinarily should be developed in habeas corpus proceedings. *United States v. Cervantes*, \_\_\_\_ F.3d \_\_\_\_, 2013 WL 362738 at *13 (5th Cir. Jan. 20, 2013) (citing *United States v. Stevens*, 487 F.3d 232, 245 (5th Cir. 2007); *Mata v. State*, 226 S.W.3d 425, 430 n.14 (Tex. Crim. App. 2007). Nonetheless, there was no exhaustion problem in this case since the same grounds for relief and same evidence were brought on direct review. *Shute v. State of Texas*, 117 F.3d 233, 237 (5th Cir. 1997). The Petitioner was entitled to bring his ineffective assistance of counsel claims in a § 2254 proceeding without first resorting to a collateral challenge in state court. *Myers v. Collins*, 919 F.2d 1074, 1075-77 (5th Cir. 1990).

In his objections, the Petitioner argued that the undeveloped record could be alleviated with an evidentiary hearing. However, any attempt to further develop the record at this juncture would bring additional evidence into consideration, which would undermine exhaustion. The record should have been developed in state habeas corpus proceedings. Furthermore, the Director correctly argued in his response that it would be error to conduct an evidentiary hearing in this case in order to give the Petitioner the opportunity to further develop the record. In *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011), the Supreme Court held that federal habeas corpus review under 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." Under 2254(d)(1), the lower federal courts erred in considering evidence developed during an evidentiary hearing conducted

in federal district court. *Id.* at 1401. It would be error to permit the Petitioner to develop the factual basis for his claims in this proceeding.

It should be noted that Magistrate Judge Love concluded in the initial Report and Recommendation (docket entry #8) that the petition should be dismissed for failure to exhaust state remedies. In his objections, the Petitioner correctly argued that he was entitled to amend the petition to delete all unexhausted claims and evidence. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). The Petitioner was accordingly permitted to proceed with the claims that had been exhausted, even though they were not fully developed. He chose to forego the opportunity to further develop his ineffective assistance of counsel claims in state court. The record before the Court, as it stands, does not defeat the presumption of effective assistance of counsel. The Petitioner failed to satisfy the two prong ineffective assistance of counsel test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Furthermore, relief must be denied because the Petitioner failed to satisfy his burden under 28 U.S.C. § 2254(d) of showing that the State court findings were unreasonable.

The Second Report and Recommendation of the Magistrate Judge, which contain his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Thus the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the Second Report and Recommendation (docket entry #20) is **ADOPTED**. It is further

**ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** with prejudice. It is further

**ORDERED** that a certificate of appealability is **DENIED**. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**It is SO ORDERED**.

**SIGNED this 16th day of April, 2013.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

4